**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Sammuel Marquell Gilbert,<br><br>          Defendant. | No. CR-17-01000-001-PHX-DJH<br>No. CR-22-50152-001-PHX-DJH<br><br>**ORDER** |

      Defendant Sammuel Marquell Gilbert has filed a Motion for Early Termination of Supervised Release[1] (Doc. 54). The Government filed a Response in opposition (Doc. 55). The Defendant filed a Reply. (Doc. 56). The Court has considered the parties statements and will deny the Defendant's Motion.

      I.      Facts

      The Defendant plead guilty to two counts of Transporting Individual to Engage in Prostitution (18 U.S.C. § 2421(a)), and two counts of Coercion and Enticement to Engage in Prostitution (18 U.S.C. § 2422(a)) which occurred from June 2016 through February 2017 in the District of Utah. He was sentenced in that district court to a 48-month term of custody followed by five-years on supervised release (CR-22-50152; Doc. 1-2). The Defendant also entered a guilty plea to Attempted Transporting Individual to Engage in Prostitution 18 U.S.C. § 2421(a)) which occurred in June 2017. He was sentenced by this Court to 27 months in custody, with one-year run concurrently with his Utah sentence, and

---

[1] The Defendant states receiving concurrence by his supervising officer.

a three-year term of supervised release. That term is to run concurrently with his supervised release term in the Utah case. The Defendant began his supervised release term in June, 2022. His Utah case was transferred to this Court in July 2022. (CR-22-50152; Doc. 1).

II. Law and Analysis

The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. 18 U.S.C. § 3583(3). Title 18 U.S.C. § 3583(e)(1) gives a district court discretion to determine whether to grant a motion to terminate supervised release. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). In so doing, a court must consult the sentencing factors in 18 U.S.C. § 3553(a). *Id.* Courts must also "be satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e)(1). The Defendant bears the burden to demonstrate he is entitled to early termination of the Court's imposed supervised release term. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The Defendant puts for the following basis for his Motion: "He has remained in compliance throughout his term of supervision. He has paid his special assessment fees. He has no history of substance abuse or mental health issues. He has full time employment and a stable residence." (Doc. 54 at 3-4). He further recognizes that he is serving a mandatory minimum supervise release term having been convicted of a crime involving "coercion and enticement to engage in prostitution." (*Id*. at 3). Citing *United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1194) (analyzing the mandatory minimum supervised release terms required in drug offenses), he states a district court may nonetheless use its discretion to reduce even statutory mandatory-minimum supervise release terms. The court is not bound by this out-of-circuit precedent. Moreover, there is a distinction between the offense of conviction in *Spinelle* and this case. Here, the Defendant was convicted of offenses involving multiple victims, including a minor, who

he coerced and enticed into sex for money from which he profited or intended to profit.

First, the Court observes that the Defendant has only served less than half of his supervised release term in CR-22-50152-PHX-DJH, and just over half of his term in case CR-17-01000-PHX-DJH.[2] While the Court acknowledges the Defendant's good progress during his year-and-a-half on supervision, his character involving prior criminal history tip in favor of denying his Motion. The Court notes that his prior history includes convictions spanning 2012 to the instant offenses. Those prior convictions include various terms of incarceration that apparently had little deterrent effect. The offenses here occurred over one-year, and included detailed planning, coordination, recruitment, transporting and harboring of individuals, including a minor, to engage in acts of prostitution, from which he would profit. Thus, the Court is not yet persuaded that he is able to "demonstrate the ability to lawfully self-manage beyond the period of supervision" through his relatively short term of court ordered supervision. 360.20, *Guide to Judiciary Policy*, Vo..8E, Ch. 3 § 360.20(c). Finally, the interest of justice requires that the Court also consider the deterrent affect to the Defendant, and punitive sentence imposed to reflect the harm caused to the multiple victims of his conduct. These two factors, and the short time that the Defendant has been compliant, persuade the Court that an early termination of the Defendant's supervised release term is premature.

Accordingly,

**IT IS ORDERED** denying the Defendant's Motion to Terminate Supervised Release in CR-17-01000-PHX-DJH and CR-22-50152-PHX-DJH (Doc. 54).

Dated this 19th day of January, 2024.

Honorable Diane J. Humetewa
United States District Judge

---

[2] Though not required by his federal conviction, the Defendant acknowledges that he may be required to register as a sex offender in compliance with a relevant state law. (Doc. 56 at 2).